**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

MARY WILLMAN,

                    Plaintiff,

v.

FARMINGTON AREA PUBLIC SCHOOL
DISTRICT (ISD 192) and MEGAN BLAZEK,

                    Defendants.

Civil No. 21-1724 (JRT/JFD)

**MEMORANDUM OPINION AND ORDER
GRANTING PARTIAL MOTION TO
DISMISS**

---

Stacey R. Everson and Stephen W. Cooper, **THE COOPER LAW FIRM CHARTERED**, 1201 Yale Place, Suite A-100, Minneapolis, MN 55403, for plaintiff.

Amy E. Mace and Michael J. Ervin, **RUPP, ANDERSON, SQUIRES & WALDSPURGER, PA**, 333 South Seventh Street, Suite 2800, Minneapolis, MN 55402, for defendants.

Plaintiff Mary Willman initiated this action after I.S.D No. 192 Farmington Area Public Schools (the "District") terminated her employment in early 2020. Willman initially filed a state court complaint asserting five claims against the District and Defendant Megan Blazek, the Principal of Boeckman Middle School in the District, (collectively "Defendants") alleging discrimination in violation of both state and federal law.

Defendants removed the case to federal court and have now brought a Partial Motion to Dismiss Willman's state and federal claims alleging that Defendants engaged in age and disability discrimination. Because the Court finds that the applicable statute

of limitations has lapsed, the Court will dismiss Willman's state law claims for disability and age discrimination as to both Defendants. The Court will dismiss Willman's federal claim for disability discrimination as to the District because Willman did not timely commence her action after the Equal Employment Opportunity Commission ("EEOC") closed its investigation of her claim. The Court will dismiss Willman's federal claim for age discrimination against both Defendants because Willman has not exhausted her administrative remedies.

**BACKGROUND**

The District employed Willman as a Special Education Teacher from March 2018 until February 2020. (Notice of Removal, Ex. 1 ("Compl.") ¶¶ 4–5, 34, July 29, 2021, Docket No. 1-1). The District formally terminated Willman's employment in a letter sent on February 11, 2020, effective February 10. (1st Decl. of Michael J. Ervin ("1st Ervin Decl."), Ex. 1, Nov. 11, 2021, Docket No. 20.) The District's formal notice does not state the reasons for Willman's termination, but references a letter sent to Willman on January 28, 2020 setting forth the reasons. (*Id.*)

In response to the January 28 letter, Willman filed a Charge of Discrimination with the EEOC on January 31 before the District formally terminated her. (1st Ervin Decl., Ex. 2, ("EEOC Charge")). Willman asserted that she was discriminated against for her

disability and as retaliation but did not note that she was terminated based on her age.[1] (*Id*.)  On April 2, 2021, the EEOC closed the file on Willman's charge and sent her a Notice of Rights indicating that any future lawsuit against her employer must be filed within 90 days.  (1st Ervin Decl., Ex. 3 ("Notice of Rights").)

On June 30, 2021, Willman—proceeding pro se—filed a complaint in the Dakota County District Court asserting five claims against Defendants.  (Compl.)  Willman then delivered a copy of her summons and complaint to the Dakota County Sheriff's Office for service on the Defendants.  (1st Ervin Decl. ¶ 6.)

On July 6, 2021, the Dakota County Sheriff's Office delivered a copy of the summons and complaint to the District's Director of Human Resources.[2]  (Decl. of MaryAnn Thomas ("Thomas Decl.") ¶¶ 1, 4, Nov. 19. 2021, Docket No. 21.)  On July 8, 2021, the Sheriff's Office served a copy of the Summons and Complaint on Blazek.  (Decl. of Megan Blazek ¶ 2, Nov. 19, 2021, Docket No. 22.)  The Defendants thereafter removed the case to federal court on July 29, 2021. (Notice of Removal.)

---

[1] Willman's disability stems from being severely injured by a student in December 2018. (EEOC Charge.)  Willman's injuries required surgery and evidently required accommodation when she returned to work.  (*Id*.)  Willman contends that the District terminated her employment rather than attempt to make the required accommodations.  (*Id*.)

[2] The Notice of Removal only contains a copy of the summons and complaint served on Blazek and does not provide the Summons and Complaint directed to the District through Thomas.  Defendants provided a copy of the Summons and Complaint served on the School Board on September 27, 2021 that was signed by Willman on June 30, 2021.  (2nd Decl. of Michael J. Ervin, Ex. 7, Dec. 16, 2021, Docket No. 25).  Thus, the Court assumes, for the sake of this Motion, that the documents served on September 27 are identical to those Willman originally attempted to serve through the Dakota County Sheriff.

Willman later obtained counsel and served the District's School Board with a copy of her state court summons and complaint on September 27, 2021.  (Pl.'s Mem. Opp. Mot. Dismiss at 3, December 2, 2021, Docket No. 23; Thomas Decl. ¶ 5.)

On November 19, 2021, Defendants filed a partial Motion to Dismiss Count 1— alleging disability discrimination in violation of the Minnesota Human Rights Act ("MHRA") and the American with Disabilities Act ("ADA")—and Count 4—alleging age discrimination in violation of the MHRA and the Age Discrimination in Employment Act ("ADEA").  (Mot. for Partial Dismissal, Nov. 19, 2021, Docket No. 15.)

## DISCUSSION

### I.  STANDARD OF REVIEW

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face."  *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  The Court construes the complaint in the light most favorable to the plaintiff, drawing all inferences in the plaintiff's favor.  *Ashley Cnty. v. Pfizer, Inc*., 552 F.3d 659, 665 (8th Cir. 2009).  Although the Court accepts the complaint's factual allegations as true and construes the complaint in a light most favorable to the plaintiff,

it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). In other words, a complaint "does not need detailed factual allegations" but must include more "than labels and conclusions, and a formulaic recitation of the elements" to meet the plausibility standard. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## II. ANALYSIS

### A. MHRA CLAIMS

First, the Court must decide whether Willman's claims for age and disability discrimination under the MHRA are barred by the statute of limitations. Defendants contend Willman failed to bring her claims before the MHRA's one-year limitations period elapsed. *See* Minn. Stat. § 363A.28, subd. 3 (requiring that an aggrieved employee bring a civil action within one year of any allegedly discriminatory practices). Willman argues that although her claims were not brought within one calendar year from the date of the Defendants' alleged discrimination, the Minnesota Legislature tolled the statute of limitations during the relevant period due to the COVID-19 pandemic and her claims were timely brought.

While a motion to dismiss is typically not the proper stage to resolve whether a claim is barred by a statute of limitations, there are exceptions to this general rule. *Jessie v. Potter*, 516 F.3d 709, 713 n.2 (8th Cir. 2008); *see also John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133 (2008) (a statute of limitations issue is an affirmative defense,

and the burden is on defendants to plead and prove bar by statutes of limitations). Dismissal of a claim as barred by a statute of limitations may be proper "if the complaint itself shows that the claim is time-barred." *Wong v. Wells Fargo Bank N.A.*, 789 F.3d 889, 897 (8th Cir. 2015); *Jessie*, 516 F.3d at 713 n.2 ("[T]he possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense."). A complaint establishes the statute of limitations defense "if all facts necessary to the affirmative defense clearly appear on the face of the complaint." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (cleaned up).

"To determine whether a 'complaint is self-defeating based on a statute of limitations,' a court must identify the relevant limitations period, the date the action was commenced, and the date the plaintiff's claims accrued." *Untiedt's Vegetable Farm, Inc. v. S. Impact, LLC*, 493 F. Supp. 3d 764, 767 (D. Minn. 2020) (quoting *Int'l Decision Sys., Inc. v. JDR Sols., Inc.*, No. 18-2951, 2019 WL 2009249, at *3 (D. Minn. May 7, 2019)).

The District formally terminated Willman on February 11, 2020 and any impermissible discrimination necessarily occurred on or before that date. Willman did not file her Summons and Complaint until June 30, 2021—well over a year after her termination. Therefore, Willman's MHRA claims accrued on February 11, 2020 at the very latest, but were not brought within the MHRA's one-year statute of limitations, and all

the necessary facts establishing a statute of limitations defense are apparent on the face of Willman's complaint.

However, Willman argues that the Minnesota Legislature passed two session laws at the beginning of the COVID-19 pandemic that collectively tolled the running of the one-year limitations period applicable to her claims.

First, the Legislature's 2020 session law provides:

> The running of deadlines imposed by statutes governing proceedings in the district and appellate courts, including any statutes of limitations or other time periods prescribed by statute, is suspended during the peacetime emergency declared on March 13, 2020, . . . and for 60 days after the end of the peacetime emergency declaration.

2020 Minn. Laws ch. 74, art. 1, § 16.  Under the 2020 session law, the running of statutes of limitations was clearly **suspended** until 60 days after the end of the peacetime emergency.

The Legislature later overhauled the session law in 2021 and amended it to state:

> Deadlines imposed by statutes governing proceedings in the district and appellate courts, including any statutes of limitations or other time periods prescribed by statute, shall not expire from the beginning of the peacetime emergency declared on March 13, 2020, . . . through April 15, 2021.

2021 Minn. Laws ch. 3, § 1.  In contrast to the provisions of the Legislature's first session law, the most recent version clarifies that deadlines **shall not expire** through April 15, 2021.

Willman and the Defendants disagree on whether the Legislature's session laws completely tolled the running of the limitations period or merely prevented them from

expiring before April 15, 2021.  If the statute of limitations was tolled, Willman's claims

are timely.[3]  If the statute of limitations simply did not expire before April 15, 2021,

Willman's claims would be untimely.  Therefore, the Court must determine the effect of

the Minnesota Legislature's session laws.[4]

"[A]s with any question of statutory interpretation, the court begins its analysis

with the plain language of the statute."  *Owner-Operator Indep. Drivers Ass'n, Inc. v.

Supervalu, Inc.*, 651 F.3d 857, 862 (8th Cir. 2011).  On its face, the amended session law

unambiguously makes clear that limitations periods are prevented from expiring rather

than completely tolled.  Tellingly, the Legislature explicitly deleted the language in the

previous version providing that deadlines were suspended, in other words tolled, and

instead provided that deadlines would not expire through April 15, 2021.  It would be

paradoxical to interpret the Legislature's clear amendment dictating that statutes of

limitation shall not expire from March 13, 2020 through April 15, 2021 as a suspension of

---

[3] The MHRA provides a one-year, or 365-day, statute of limitations.  Willman's claims accrued on February 11, 2020 and the peacetime emergency began on March 13, 2020—a span of 31 days.  If the applicable statute of limitations was tolled, rather than prevented from expiring, and began running again on April 15, 2021, the statute of limitations would have expired on March 15, 2022.  Willman's claims would thus be timely.

[4] In resolving substantive issues of Minnesota state law, federal courts are bound by decisions of the Minnesota Supreme Court.  *Integrity Floorcovering, Inc. v. Broan-Nuton, LLC*, 521 F.3d 914, 917 (8th Cir. 2008).  However, the Court was unable to find any case from the Minnesota Supreme Court or even the Minnesota Court of Appeals determining the effect of the 2021 session law.  When a state supreme court has not directly addressed a question before the district court, the Court must attempt to predict how the state supreme court would decide and "may consider relevant state precedent, analogous decisions, considered dicta . . . and any other reliable data."  *Id.* (quotation omitted).

such statutes—the previous version of the session law provided for a suspension and the Legislature intentionally chose to clarify that statutes of limitations were only prevented from expiring.

Therefore, Willman's claims, which would have expired in January of 2021, were prevented from expiring until April 15, 2021.  Willman did not file her Complaint until June 30, 2021 and her claims are untimely under and barred by the MHRA's statute of limitations.  Accordingly, the Court will grant Defendants' Motion and dismiss Willman's state law claims for age and disability discrimination as to both Defendants.

### B. ADA CLAIM

Defendants argue that Willman's ADA claim for disability discrimination against the District must be dismissed because Willman did not properly serve the District and therefore did not commence her action before her 90-day right to sue window closed.

In order to commence a federal disability discrimination lawsuit against a defendant, a plaintiff's "civil action [must] be brought" "within ninety days after" the plaintiff receives a notice of the right to sue.  42 U.S.C. § 2000e-5(f)(1).

"[A] federal court must honor state court rules governing commencement of civil actions when an action is first brought in state court and then removed to federal court, even [when] the cause of action arises from federal law."  *Winkels v. George A. Hormel & Co.*, 874 F.2d 567, 570 (8th Cir. 1989).  "An action is not 'brought' . . . until it is 'commenced' for purposes of Rule 3.01 of the Minnesota Rules of Civil Procedure, and an action is not

'commenced' for purposes of Rule 3.01 until the complaint is both filed and served."

*Chappell v. Butterfield-Odin Sch. Dist. No. 836*, 673 F. Supp. 2d 818, 833 (D. Minn. 2009);

Minn. R. Civ. P. 3.01.  However, a party may commence their action by delivering a copy

of the summons and complaint to the county sheriff's office to have it served on the

required defendants provided that the documents are actually served within 60 days.

Minn. R. Civ. P. 3.01(c).

To effectuate service against a public school district, service must be made upon a

"member of the board or other governing body of [the] defendant school district."  Minn.

R. Civ. P. 4.03(e).

The EEOC notified Willman of her right to sue on April 2, 2021 and she was required

to commence her action against the Defendants 90 days later on July 1, 2021.  Willman

filed her Complaint on June 30, 2021 and delivered copies of the Summons and Complaint

to the Dakota County Sheriff's Office the same day.  However, Willman did not direct the

Sheriff's Office to serve the District's School Board and the Board was not served until

September 27, 2021—well after both the 60 days required for service to be effective

under Minnesota law and the 90-day right to sue window.

Willman argues that although the District was not initially served within 60 days,

§ 1448 provided her extra time to serve the District after removal.  28 U.S.C. § 1448

(noting that after a case is removed from state court, defendants that have been

defectively served may be properly served by either (1) completing the defective state

service or (2) by having "new process issued in the same manner as in cases originally filed in such district court.")

Willman is partially correct. *See O'Neal v. Moore,* No. 06-2336, 2008 WL 4417327 *27 (D. Minn., Aug. 22, 2008) (holding that under Rule 4(m) of the Federal Rules of Civil Procedure and § 1448, plaintiffs had 120 days to serve new process issued in the same manner as in cases originally filed in such district court)[5]; *see also Wallace v. Microsoft,* 596 F.3d 703, 706 (10th Cir. 2010). However, while § 1448 does not extend the 60-day window for the Sheriff's Office to serve the District in accordance with Minnesota state law, § 1448 does provide that Willman may serve the District with "new process issued in the same manner as in cases originally filed in such district court."

However, Willman neither completed the defective state court service within the appropriate window nor had new service issued. Willman served the District with copies of her state court summons and complaint on September 27, 2021, but this was well after the 60 days required for service to be effective under Minnesota law.[6] Similarly, in order

---

[5] Under the current version of Rule 4(m) of the Federal Rules of Civil Procedure, Willman had 90 days from the day the case was removed to properly serve the District.

[6] While the Court recognizes that Willman was proceeding pro se when she initially attempted to serve the District through the Sheriff's Office, the Court is not convinced that her failure to properly direct service relieves her of her duty to serve potential defendants. *Cf. Simmons v. Buescher*, No. 92-1341, 1992 WL 152468, at *2 (8th Cir. July 7, 1992) (unpublished opinion) (holding that it was not abuse of discretion for a district court to dismiss an incarcerated individual's complaint against an unserved defendant when he gave the United States Marshals a wrong address).

Moreover, Willman retained counsel **before** the 60-day period to effectuate service had elapsed. (Notice of Appearance, Aug. 16, 2021, Docket No. 10.) Defendants' Answer explicitly

to initiate "new process . . . in the same manner as in cases originally filed in such district court," Willman needed to obtain and serve a federal court summons on the District.  Fed. R. Civ. P. 4(a)(1)(F)–(G), (b) (setting forth the requirements for issuance of a summons and the contents of the summons).  Willman failed to do so.

Therefore, because the District was not properly served under either state or federal law with the 90-day right to sue window, the Court will grant Defendants' motion and dismiss Willman's ADA disability discrimination claim against the District.

### C.  ADEA CLAIM

Defendants lastly argue that Willman's age discrimination claim under the ADEA must be dismissed against both Defendants because Willman did not exhaust her administrative remedies by filing an EEOC charge for age discrimination.   Willman contends that filing an EEOC charge is not a jurisdictional prerequisite prohibiting the Court from reviewing her claim and that, even if it was, it is subject to estoppel, equitable tolling, and waiver.

Under the ADEA, plaintiffs must exhaust their administrative remedies by filing a charge with the EEOC before filing a lawsuit against an employer.  *Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir. 2005); 29 U.S.C. 626(d)(1)(A).  Willman is correct that the statutory requirement to file a timely EEOC charge is not jurisdictional and is subject to equitable

---

put Willman on notice that the District had not been properly served and Willman had ample time to remedy the defective service.  (Answer ¶ 20, July 30, 2021, Docket No. 4.)

tolling and estoppel. *Rodriguez v. Wal-Mart Stores, Inc.*, 891 F.3d 1127, 1129 (8th Cir. 2018).

Willman, however, conflates bringing a **timely** EEOC charge with not bringing a Charge **at all**. While it is true that untimely EEOC charges may still provide a basis for an action subject to equitable principles, courts will not invent claims that were never brought in front of the EEOC in the first place. *Sellers v. Deere & Co.*, 791 F.3d 938, 943 (8th Cir. 2015). Instead, courts consider claims specifically raised and those that are "like or reasonably related to the administrative charges that were timely brought." *Wedow v. City of Kansas City*, 442 F.3d 661, 672 (8th Cir. 2006) (quotation omitted). The type of claim that is considered "like or reasonably related to" a properly exhausted claim that was brought before the EEOC is incredibly narrow, *id.*, and courts require that "[e]ach incident of discrimination and each retaliatory adverse employment decision . . . be individually addressed before the EEOC." *Sellers*, 791 F.3d at 943 (quotation omitted).

The Eighth Circuit recently addressed a nearly identical factual scenario to the current case in *Weatherly v. Ford Motor Co.*, 994 F.3d 940 (8th Cir. 2021). In *Weatherly*, the plaintiff filed administrative charges with the EEOC, but the court was left to determine whether the charges raised the additional disability discrimination claim the plaintiff brought before the court. *Id.* at 944. The court held that the plaintiff's EEOC charges did not exhaust the administrative remedies for the disability discrimination claim because the charges "ma[de] scant mention of his disabilities." *Id.* at 945. Further, the

-13-

court found that the plaintiff "marked only the box next to 'RETALIATION' on the relevant form and not the box next to 'DISABILITY,' which he likely would have marked if he was claiming disability discrimination" and that the narrative section of the plaintiff's EEOC charge "state[d] unambiguously that [the plaintiff] was claiming unlawful retaliation." *Id*.

Like *Weatherly*, Willman's EEOC Charge never mentions her age. (EEOC Charge.) Willman did not check the "age" box even though she checked the "disability" and "retaliation" boxes. (*Id*.) Willman's narrative section unambiguously states that she believes she was terminated due to her need for accommodations and was "retaliated against for opposing discrimination." (*Id*.) As in *Weatherly*, there are no facts embraced by Willman's EEOC Charge that would allow the Court to "say that the discrimination claim . . . [Willman] raises in court is sufficiently related to [her] administrative charge for it to be considered exhausted." *Weatherly*, 994 F.3d at 945.

Even if Willman were correct that the Court could consider her claim because equitable principles excuse her failure to exhaust her administrative remedies, Willman has not presented sufficient facts suggesting that any such principles should apply. Willman, as the party suggesting that equitable doctrines are applicable, has the burden of showing that (1) she has been pursuing her rights diligently, and (2) that some extraordinary circumstance prevented her from asserting her claims in a timely manner. *Firstcom v. Qwest Corp.*, 555 F.3d 669, 675 (8th Cir. 2009). Generally, equitable tolling is appropriate only for circumstances that are truly beyond a plaintiff's control. *Shempert*

-14-

*v. Harwick Chem. Corp.*, 151 F.3d 793, 797–98 (8th Cir. 1998).   Willman's Complaint specifically alleges that she was terminated after being told she was too old for her job. (Compl. ¶¶ 24, 68).   Willman therefore had sufficient knowledge to allege age discrimination in her original EEOC Charge and has not demonstrated any extraordinary facts sufficient to raise equitable principles.

Because Willman has not exhausted her administrative remedies by bringing an age discrimination EEOC charge, the Court will grant Defendants' motion and dismiss Willman's age discrimination against both Defendants.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' **Partial Motion to Dismiss** [Docket No. 15] is **GRANTED** as follows:

1. Plaintiff's age and disability discrimination claims under the Minnesota Human Rights Act in Count 1 and Count 4 are **DISMISSED** as to both Defendants;

2. Plaintiff's age discrimination claim under the Age Discrimination in Employment Act in Count 4 is **DISMISSED** as to both Defendants;

3. Plaintiff's disability discrimination claim under the Americans with Disabilities Act in Count 1 is **DISMISSED** as to the District.

DATED:  September 7, 2022
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
United States District Judge